[Civ. No. 861.   Second Appellate District.—November 28, 1910.]

## LAW CREDIT COMPANY, a Corporation, Appellant, v. PROVIDENT MUTUAL BUILDING–LOAN ASSOCIATION, Respondent.

BUILDING AND LOAN ASSOCIATION—BY-LAWS—MATURITY RESERVE FUND—CREDIT ON NEW SHARES.—Where the by-laws of a building and loan association in force when certificates of stock were issued required a payment of two dollars per share into its maturity reserve fund, to be applied only as a credit on a new share of stock purchased, an assignee of five hundred shares of stock originally issued to members who have withdrawn, on which there was a credit of $1,000 in the maturity reserve fund, an assignable certificate of the amount of which was given after the passage of a statute changing the amount of the reserve fund, the assignee of such original certificates and assignable certificate cannot maintain an action to recover any part of such original maturity reserve fund contrary to the term of its creation.

ID.—CONDITION MADE BY BY-LAWS PART OF CONTRACT.—The condition made by the by-laws when the stock was issued as to the reserve fund was part of the contract from which no subsequent assignee of the stock can escape.

ID.—FACTS AT DATE OF RECEIPT SHOWING AMOUNT OF ORIGINAL RESERVED FUND IMMATERIAL.—The fact that at the date of the assignable receipt showing the amount in the reserve fund, the statute as well as the by-laws had been changed as to the amount of the reserved fund thereafter to accrue, cannot affect the questions involved as to the amount and conditions of the original reserve fund as fixed by the by-laws in force when it was created.

APPEAL from a judgment of the Superior Court of Los Angeles County.   W. P. James, Judge.

The facts are stated in the opinion of the court.

Tanner, Taft & Odell, for Appellant.

Milton K. Young, for Respondent.

ALLEN, P. J.—Plaintiff and defendant were found by the court both to be corporations, the latter organized under the laws of California as a building and loan association; that one Wadleigh, plaintiff's assignor, was the secretary of the defendant corporation from its incorporation until the 19th of June, 1905; that prior to 1900 various persons had become

14 Cal. App.—44

members of said building and loan association, and while Wadleigh was secretary they desired to surrender their stock and accordingly delivered the same to Wadleigh, who thereafter made payments thereon of his own means, but carried the same on the books of the corporation in the names of the members. Wadleigh thereafter surrendered the stock so assigned to him and received the amount thereof, less two dollars per share retained by the corporation under its by-laws as a maturity reserve fund, by which transaction he profited to the extent of $12,000. Under the by-laws of the association it was stipulated that withdrawing members were entitled to a certificate showing the amount of this maturity reserve fund, and, if they were so advised, might thereafter subscribe for stock and be credited upon the dues with the amount of such certificate. Thereafter, Wadleigh made application to retain his membership in the corporation and mature his stock and returned said maturity reserve certificates, together with $200 in cash, the same being received by the association as five months' advanced dues upon the new subscription, and in 1908 received back from the association the $200 paid and a maturity certificate as follows:

"This certifies that G. H. Wadleigh of Los Angeles, county of Los Angeles, state of California, has paid into the Maturity Reserve Fund of this Association, the sum of one thousand dollars, on five hundred shares, stock of this association, and that he is entitled to a credit of one thousand dollars on taking a like number of shares and paying one month's dues thereon, and surrendering this receipt. This receipt is transferable."

Afterward Wadleigh assigned this certificate to plaintiff, who brings suit thereon.

In 1907 sections 633 to 648a, Civil Code, went into effect, which provide that such loan associations should only have power by their by-laws to charge an entrance or withdrawal fee of not exceeding one dollar on each share, and a transfer fee not exceeding ten cents on each share; that no other fee, charge, or deduction shall be made, or permitted to be made, against any shareholder, or against his shares; that on the expiration of the notice required, the shareholder shall be entitled to receive the full amount paid upon the stock or investment certificate, exclusive of entrance or withdrawal fee, together with a proportion of the profits, and so forth. Under

these facts and under the law the court found that plaintiff·
as the assignor of Wadleigh was not entitled to recover a judg-
ment for the amount of the certificate and interest, and from
this judgment plaintiff appeals.

It is insisted by appellant that on the findings of fact judg-
ment should have been entered for plaintiff as prayed for in
the complaint, and that said judgment for defendant is not
supported by the findings.   The precise  questions involved
upon this appeal were presented to the trial court on a motion
to vacate the judgment and the entry of a judgment in favor
of plaintiff.   There is contained in the record an opinion of
the trial judge in denying such motion, which upon examina-
tion seems to cover all of the points involved and to state
concisely and clearly the reason why the judgment is sup-
ported by such findings.   This opinion, which we adopt as the
decision of this court, is as follows:

"Plaintiff in this action moves to vacate the judgment en-
tered herein in favor of defendant. on the ground that the
findings of fact do not support the judgment, but that upon
said findings of fact a judgment should be entered in favor
of plaintiff.   If it were to be conceded that the receipt issued
on the 25th of February, 1908, to plaintiff, wherein it is re-
cited that plaintiff has paid into the maturity reserve fund
of defendant corporation the sum of $1,000, is conclusive
against any right in defendant to show the entire transaction
which resulted in the issuance of its receipt, then the motion
is well taken.   The plaintiff's assignor, G. H. Wadleigh,
however, had been an officer of defendant association and
was familiar with the entire transaction, which led up
to the issuance of the receipt in question, and he was also
familiar with the by-laws of the association and their various
provisions at all times prior to the date of the receipt.   The
receipt was finally issued upon account of certain stock trans-
actions had with the association by Wadleigh and partially by
the assignors of Wadleigh.   Wadleigh acquired stock of the
association by assignment from holders thereof, and he in turn
surrendered this stock, finally receiving the receipt, which
upon its face recites that he has paid the sum of $1,000 on
five hundred shares of stock of the association and that he is
entitled to a credit of $1,000 on taking a like number of shares
and paying one month's dues thereon, and surrendering the

receipt. The $1,000 mentioned in the receipt was a part of the maturity reserve fund, which, under the by-laws of the association as they stood at the time of the issuance of the original stock acquired by Wadleigh, was to be retained by the association and was available only to be used as a credit on the purchase of new or additional shares. All contracts for the purchase of stock made at the time the original stock surrendered by Wadleigh was acquired were impressed with the condition declared in the by-laws that 'the maturity reserve fund shall consist of an amount equal to two per cent of the matured value of all installment shares, and is taken from the first payment made. A member having paid this, and who is afterward compelled to withdraw, shall be allowed to renew his membership and mature his stock, his new share being credited with the amount so paid.' Under this provision the association had the right to retain the two per cent mentioned, which was only available for use by the surrendering stockholder as a credit upon new or other shares of stock taken out by him. I do not think that the fact that the receipt was issued at a time when the by-laws were without such a provision, and the statute of the state made it illegal for such a deduction to be made on account of a maturity reserve fund, affects at all the question involved in this case. The condition made by the by-laws at the time the subscription for stock was taken became a part of the contract from which Wadleigh, or his assignors, had they continued as holders of stock, have no escape. If the plaintiff here has the right to demand and receive $1,000, which appears to be a credit available to him, then there is no reason at all why each and every subscriber for stock, who took out shares during the time that the by-laws provided for the withholding of the percentum on account of maturity reserve fund, has not the right to make and enforce a similar claim. This I do not believe they are entitled to do. The motion for a different judgment to be entered will be denied.''

Judgment affirmed.

Shaw, J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 27, 1911.